UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Michael Schlegel,                                     Civ. No. 16-867 (DWF/BRT)

            Plaintiff,

v.                                                    **REPORT AND RECOMMENDATION**

Sherburne County Sheriff and
United States Marshal,

            Defendants.

---

Michael Schlegel, Reg #16891-041, FPC-Duluth, PO Box 1000, Duluth, MN 55814-1000, *pro se* Plaintiff.

Kathleen A. Heaney, Esq., Sherburne County Attorney's Office, counsel for Defendant Sherburne County Sheriff.

Friedrich A.P. Siekert, Esq., United States Attorney's Office, counsel for Defendant United States Marshal.

---

BECKY R. THORSON, United States Magistrate Judge.

This case involves a federal inmate's common-law tort claims against state and federal officials for the negligent or intentional loss of his wedding ring. In March 2016, Michael Schlegel filed a complaint in Minnesota state court against the Sherburne County Sheriff and the United States Marshals Service,[1] alleging that his wedding ring was never

---

[1] Schlegel's complaint names the "United States Marshal" as a defendant, presumably referring either to the U.S. Marshals Service or the U.S. Marshal for the District of Minnesota because there is no one United States Marshal. *See* 28 U.S.C. § 561 (establishing the U.S. Marshals Service as a federal agency headed by the Director of the Marshals Service and consisting of "a United States marshal for each judicial district of
(Footnote Continued on Next Page)

returned to him after he was taken into custody by U.S. Marshals and transported to the Sherburne County Jail by members of the Sherburne County Sheriff's Office. (Doc. No 1, Attach. 1, Compl. 2–4.) Schlegel sought the ring's $3,500 value in compensation based on claims that its loss was either intentional or negligent. (*Id.* at 4–5.) After the Sherburne County Sheriff's Office answered Schlegel's complaint, the U.S. Marshals Service removed the case to federal court pursuant to 28 U.S.C. § 2679(d)(2) and submitted a certification from the U.S. Attorney for the District of Minnesota that the unnamed U.S. Marshals involved in the incident would have been acting within the scope of their federal employment. (*See* Doc. No. 1, Notice of Removal; Doc. No. 2, Certif.)

The Marshals Service now seeks to substitute the United States in its place and, once that happens, for an extension of time for the federal government to respond to Schlegel's complaint. (*See* Doc. No. 9, Mot. to Substitute; Doc. No. 13, Mot. for Extension of Time.) The Marshals Service notes that the exclusive remedy for torts committed by federal officials acting within the scope of their employment is an action against the United States itself under the Federal Tort Claims Act ("FTCA"), not an action against the individual officials or their employing agencies. (*See* Doc. No. 9 at 1–2; Doc. No. 11 at 1–2; Doc. No. 25 at 4–7.) In response, Schlegel has moved to remand this case back to state court on grounds that the Marshals Service's removal was untimely and that it otherwise defaulted in state court by failing to answer his complaint within the

---

(Footnote Continued from Previous Page)
the United States"). For the sake of clarity and convenience, this Court will refer to the sole federal defendant as the United States Marshals Service (or simply Marshals Service).

twenty-day period specified by Minnesota law. (*See* Doc. No. 19, Pl.'s Mot. for Remand; Doc. No. 26, Pl.'s Renewed Mot. for Remand; Doc. No. 27, Pl.'s Mem. in Supp. of Mot. to Remand). For the reasons stated below, this Court recommends that the Marshals Service's motions for substitution and an extension of time be granted, and that Schlegel's motion for remand be denied.

## DISCUSSION

The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, immunizes federal agencies and employees from state tort claims arising out of acts undertaken within the scope of their office or employment. 28 U.S.C. § 2679(a)–(b); *see also Osborn v. Haley*, 549 U.S. 225, 229 (2007). The exclusive remedy for tortious acts committed by federal employees within the scope of their employment is a claim under the FTCA against the United States itself. *See* 28 U.S.C. §§ 1346(b)(1), 2679(a), and 2679(b)(1); *Levin v. United States*, 133 S. Ct. 1224, 1229 (2013) ("[The Westfall Act] makes the remedy against the United States under the FTCA exclusive for torts committed by federal employees acting within the scope of their employment."). If the Attorney General—or a U.S. Attorney as provided by 28 C.F.R. § 15.4(a)—certifies that the federal employee in question was acting within the scope of his or her employment, any tort action based on the employee's conduct "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1)–(2). Furthermore, if the action was commenced in state court, it "shall be removed without bond at *any time before trial*" and the Attorney General's (or U.S. Attorney's) certification "shall

3

conclusively establish scope of office or employment for purposes of removal." *Id.* § 2679(d)(2) (emphasis added).

Here, Schlegel has asserted a state tort claim against a federal official or agency for actions undertaken by U.S. Marshals, and the U.S. Attorney for the District of Minnesota has certified that the employees in question were acting within the scope of their employment. Although "[c]ertification is the first, but not the final word on whether the federal officer is immune from suit and, correlatively, whether the United States is properly substituted as defendant," Schlegel has not challenged the U.S. Attorney's scope-of-employment certification. *See Osborn*, 549 U.S. at 246 (quotation omitted); *Wilson v. Jones*, 902 F. Supp. 673, 679 (E.D. Va. 1995) ("[I]f the certification is not contested by the plaintiff, the district court should substitute the United States as party defendant under 28 U.S.C. § 2679(d)(2)."). Accordingly, Schlegel's claim against the Marshals Service must be "deemed an action or proceeding . . . against the United States under the [FTCA]," and the United States must be "substituted as the party defendant" in place of the Marshals Service. 28 U.S.C. § 2679(d)(2). This Court therefore recommends that the Marshals Service's substitution motion be granted and, correlatively, that the United States be provided with additional time to respond to Schlegel's complaint once it has been made a party to these proceedings.

As for Schlegel's motion for remand, this Court finds that this case was properly removed to federal court pursuant to § 2679(d)(2). Schlegel argues that removal was untimely and otherwise improper because the Marshals Service failed to comply with both Minnesota Rule of Civil Procedure 12.01, which provides that a defendant must

4

answer a complaint within twenty days of service, and 28 U.S.C. § 1446(b)(1), which imposes a thirty-day deadline for filing a notice of removal. (*See* Pl.'s Mem. in Supp. of Remand 2–6); 28 U.S.C. § 1446(b)(1) ("The notice of removal . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading . . . ."); Minn. R. Civ. P. 12.01 ("Defendants shall serve an answer within 20 days after service of the summons upon that defendant . . . ."). Based on the U.S. Attorney's certification, however, the Marshals Service could remove this case to federal court "any time before trial" under the Westfall Act. 28 U.S.C. § 2679(d)(2). Neither the twenty-day response period specified by Minnesota law nor the thirty-day filing period contained in § 1446(B)(1) governs removals under § 2679(d)(2), which permits removal so long as it occurs before a state trial has commenced.[2] *See McLaurin v. United States*, 392 F.3d 774, 778–79 (5th Cir. 2004) ("The unambiguous language of [§] 2679(d)(2) requires only that the government remove 'before trial' . . . . Congress has placed no other time limitation or requirement on removal in a suit under [§] 2679."); *Wolfe v. United States*, No. 09 C

---

[2]   Even if removal in this case was governed by § 1446, the Marshals Service's notice of removal would still have been timely. The parties agree that the Marshals Service received a copy of Schlegel's complaint on March 2, 2016. (*See* Doc. No. 25 at 2; Doc. No. 27 at 1.) The thirty-day period prescribed by § 1446(b)(1) would have commenced on March 3, 2016, and lasted until April 1, 2016, the very day that the Marshals Service filed its notice of removal. *See* Fed. R. Civ. P. 6(a)(1)(A) (providing that, when computing a deadline imposed by a federal rule or statute, "exclude the day of the event that triggers the period"). Thus, the notice of removal would have been timely even if § 1446, rather than § 2679(d)(2), applied. The Court notes that removal would likely also have been proper under 28 U.S.C. § 1442(a)(1), which provides that a federal agency or officer may, within 30 days of service of process, remove a case "relating to any act under color of such office or on account of any right, title, or authority claimed under any Act of Congress for the apprehension or punishment of criminals." 28 U.S.C. § 1442(a)(1); *see also id.* § 1446(b)(1), (g).

5

50244, 2010 WL 2600740, at *2 (N.D. Ill. Mar. 17, 2010) (holding that a notice of removal filed four months after service of process was timely under § 2679(d)(2) because the state proceeding had not gone to trial). Likewise, that the Marshals Service may have defaulted in state court by failing to answer Schlegel's complaint within the twenty-day period prescribed by Minnesota law does not make removal improper in this case. Schlegel did not obtain a default judgment in state court and, in any event, certification under § 2679(d)(2) renders "the federal court exclusively competent and categorically precludes a remand to the state court." *Osborn*, 549 U.S. at 243; *see also Diaz v. United States*, 789 F. Supp. 2d 722, 724, 727 (S.D. Miss. 2011) (holding that a federal employee's failure to timely answer a complaint did not preclude removal under § 2679(d)(2) where "no default judgment had been entered" and "the certification and removal . . . occurred before trial") (quotation omitted). Schlegel's motion to remand this case back to state court should therefore be denied.

Finally, in the event that the District Court agrees that remand is not warranted, Schlegel requests leave to amend his complaint. (Pl.'s Mem. Supp. Remand 4.) This Court recommends granting that request and giving Schlegel fourteen days from the date of the District Court's order on this Report and Recommendation to amend his complaint.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and submissions herein, **IT IS HEREBY RECOMMENDED** that:

1.  The U.S. Marshals Service's motion to substitute the United States in its place (Doc. No. 9) be **GRANTED**.

2. The Marshals Service's motion for an extension of time for the United States to respond to the complaint (Doc. No. 13) be **GRANTED**. If the District Court agrees, the United States should be given **twenty-one days** from the Court's ruling on this Report and Recommendation or the filing of Plaintiff's amended complaint, whichever is later, to respond.

3. Plaintiff Michael Schlegel's motions to remand this case back to state court and to deny the Marshal Services' request for an extension of time (Doc. Nos. 19, 26) be **DENIED**.

4. If the District Court agrees that remand is not warranted, that Schlegel's request for leave to amend his complaint be **GRANTED** and that he be given **fourteen days** from the date of the District Court's order to file an amended complaint.

Date: July 25, 2016

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

**NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation by **August 8, 2016**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).