# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Michael Schlegel,                                    Civ. No. 16-0867 (DWF/BRT)

        Plaintiff,

v.                                              **REPORT AND RECOMMENDATION**

Corey Schoeneck; Brandon Saloka;
Chelsea Doherty, Sherburne County
Deputies, individually and in their official
capacities as Agents of Sherburne County,
Minnesota; and Sherburne County,
Minnesota, as a Minnesota Municipal
Municipality,

        Defendants.

Plaintiff Michael Schlegel alleges that he turned over several items of property to officers of the Sherburne County Jail while detained at that facility in the custody of the United States Marshal. Among those items was Schlegel's wedding ring. Sherburne County Jail officials failed to return the wedding ring upon Schlegel's transfer to a federal facility.

In March, Schlegel initiated this action in Minnesota state court seeking the replacement cost for the ring. (Doc. No. 1-1.) The Sherburne County Sheriff and United States Marshal alone were named as defendants to the action. *Id*. The Marshal Service removed the action to federal court and requested to substitute the United States government in its place as a defendant. (Doc. No. 9.) This Court recommended that the

motion for substitution be granted, that a subsequent motion to remand to state court filed by Schlegel be denied, and that Schlegel be afforded an opportunity to amend his complaint, as he requested. (Doc. No. 29.) That recommendation was adopted in full. (Doc. No. 33.)

On October 14, 2016, Schlegel filed his amended complaint. (Doc. No. 36, Am. Compl.) The new pleading replaces both of the original defendants with three officers of the Sherburne County Jail, as well as Sherburne County itself. (*Id.*) Again, Schlegel seeks compensation for his lost wedding ring; he also seeks punitive damages, an injunction prohibiting Sherburne County Jail employees from stealing property in the future, and a declaration that Sherburne County has failed to adequately train its officers. (*Id.*)

Because Schlegel is a prisoner seeking redress from a governmental entity or officers (or, in this case, both), his amended complaint is subject to 28 U.S.C. § 1915A, which provides that

> the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b), *see also Olmsted v. Sherman*, No. 08-CV-439-bbc, 2008 WL 3455300, at *1 (W.D. Wis. Apr. 12, 2008) (noting that "it was proper to screen plaintiff's complaint under § 1915A even though plaintiff's case was removed. Section 1915A does not distinguish between cases filed by prisoners and cases removed

by defendants."); *Crooker v. Burns*, 544 F. Supp. 2d 59, 67 (D. Mass. 2008) (collecting cases).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–81 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Although Schlegel invokes 42 U.S.C. § 1983 in his amended complaint, he does not mention a specific federal constitutional provision entitling him to relief for the loss or theft of his wedding ring. Because Schlegel is proceeding pro se, however, he is entitled to a liberal construction of his amended complaint. Read broadly, Schlegel may be interpreted as arguing that defendants have violated his federal rights by depriving him of his property—the wedding ring—without adequate due process protections.

Such a claim must fail, however. "Where a government official's act causing injury to life, liberty, or property is merely negligent, no procedure for compensation is constitutionally required." *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (quotation and

emphasis omitted). Even accepting as true that Sherburne County Officials were negligent in their handling of Schlegel's wedding ring, such negligence does not amount to a constitutional violation.

Schlegel also alleges, in the alternative, that Sherburne County Jail officials *intentionally* misappropriated the wedding ring. Unlike negligent deprivations of property, an unauthorized intentional deprivation of property can amount to a violation of the procedural requirements of the due-process clause, but only where no "meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Schlegel has failed to adequately allege that no meaningful remedy is available under state law for his loss. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (finding that prisoner was barred from bringing due-process claim for property loss where there was an adequate post-deprivation remedy available under state law). Moreover, if Schlegel's allegations of intentional misappropriation are true, then a claim under Minnesota law for conversion is available to him.[1] *See Williamson v. Prasciunas*, 661 N.W.2d 645, 649 (Minn. Ct. App. 2003) ("The elements of common law conversion are: (1) plaintiff holds a property interest; and (2) defendant deprives plaintiff of that

---

[1]      Schlegel could potentially pursue punitive damages, as he has requested in this action, through a motion to amend the pleadings after filing suit. *See* Minn. Stat. § 549.191; *Molenaar v. United Cattle Co.*, 553 N.W.2d 424, 427 (Minn. Ct. App. 1996) ("Punitive damages have been permitted in conversion actions since the formation of the state."). This Court also notes that Schlegel cannot seek injunctive or declaratory relief in federal court, as he is no longer detained at Sherburne County Jail, and thus his request for such relief is moot. *See, e.g.*, *Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (citing *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)).

interest."). Schlegel thus has not stated a viable claim for relief under the due-process clause, and it is hereby recommended that this federal claim be dismissed with prejudice.

Schlegel's remaining claims sound most naturally in state law; indeed, he appears primarily to be attempting to raise the state-law conversion claim just mentioned by this Court. (Am. Compl.) But this Court does not have original jurisdiction over state-law claims raised by Schlegel in this proceeding, as Schlegel has not alleged that the parties are of diverse citizenship, *see* 28 U.S.C. § 1332(a). (To the contrary, each party to this action is by all appearances a citizen of the State of Minnesota.) Further, the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims where, as recommended here, all federal claims are dismissed prior to trial. *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). Because the Court lacks jurisdiction over the remaining state-law claims, it is hereby recommended that those claims be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **DISMISSED** pursuant to 28 U.S.C. § 1915A as follows:

1.      Plaintiff Michael Schlegel's claim for federal due-process violations be **DISMISSED WITH PREJUDICE**.

2.      The remaining state-law claims be **DISMISSED WITHOUT PREJUDICE**.

Dated: November 29, 2016          _Becky R. Thorson_____
                                  Becky R. Thorson
                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.